**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DAVID HEATH SWANSON, | ) | |
| | ) | |
| Movant, | ) | |
| vs. | ) | 1:08-cv-1180-SEB-DML |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Order on Motion for Discovery**

David Heath Swanson seeks relief pursuant to 28 U.S.C. § 2255 and, to develop and establish his claims, has requested discovery from his prior counsel, from third parties that were involved in the Buckeye and Malta Clayton acquisitions, and from the United States.

Pursuant to Rule 6 which accompanies 28 U.S.C. § 2255, it is within the court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. *Bracy v. Gramley,* 520 U.S. 899 (1997); *Byrd v. Collins,* 209 F.3d 486, 515-16 (6th Cir. 2000). Rule 6(a) provides that: "A party shall be entitled to invoke the processes of discovery available under the *Federal Rules of Civil Procedure* if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), 28 U.S.C. foll. § 2255. The Supreme Court has defined "good cause" in this context as specific allegations that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09, (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)) (internal quotation marks omitted). "Generalized statements about the possible existence of material do not constitute good cause." *Green v. Artuz,* 990 F.Supp. 267, 271 (S.D.N.Y. 1998).

Whereupon the Court, having reviewed Swanson's request for discovery and the United States' response, and being duly advised, now **grants the request in part and denies the request in part,** all consistent with the following:[1]

### 1. *Depositions of Prior Counsel*

Swanson is permitted to take the depositions of his prior counsel, James H. Voyles and Jennifer M. Lukemeyer, regarding the strategic choices behind their decisions in the defense of this case and regarding any affidavit signed in connection with the § 2255 motion. Swanson may serve a subpoena duces tecum on the deponents in connection with this request.

---

[1] Swanson is not proceeding pursuant to terms of the Criminal Justice Act, 18 U.S.C. § 3006A. He is therefore responsible for bearing the expense of the discovery permitted herein.

### 2. Attorney-client correspondence and notes of attorney client conferences

Swanson may formalize his requests to former counsel of "attorney-client correspondence and notes of attorney-client conferences." He may do this either in conjunction with the depositions of former counsel or through service of a request for production of documents pursuant to Rule 34(c). Swanson may not compel any particular computerized search methodology in doing so.

### 3. Depositions of Third Party Participants: Capital Resource Lenders, Society National Bank, CoBank, and Growmark

Swanson seeks to take the depositions of third parties involved in the Buckeye and Malta Clayton acquisitions. His request to do so is **denied** for the present. In the absence of an indication from a competent source that the information sought would establish a reasonable basis for concluding that the specified transactions were not fraudulent, Swanson is operating in the realm of speculation, and "[c]onclusory allegations are not enough to warrant discovery under Rule 6." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994), *cert. denied*, 513 U.S. 1192 (1995).

### *4. Brady Materials*

*Brady v. Maryland,* 373 U.S. 83 (1963), held "that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley,* 514 U.S. 419, 432 (1995) (citations omitted).

Importantly, the prosecution's failure to satisfy this obligation amounts to a constitutional violation only if the defendant did not receive a fair trial, *i.e.,* a trial resulting in a verdict worthy of confidence, due to the absence of the suppressed evidence. *See Kyles v. Whitley,* 514 U.S. 419, 434, 115 S. Ct. 1555, 131 L.Ed.2d 490 (1995). In other words, a "true *Brady* violation" consists of (1) evidence favorable to the defendant (2) that is suppressed by the prosecution, (3) resulting in material prejudice to the defendant. *Strickler v. Greene,* 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L.Ed.2d 286 (1999).

*Newell v. Hanks*, 335 F.3d 629, 632 (7th Cir. 2003). In determining whether the suppressed evidence caused prejudice, the relevant query asks whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Pennsylvania v. Ritchie,* 480 U.S. 39, 57 (1987).

Swanson's speculation that the United States has evidence favorable to his case is not a sound basis on which to conduct or direct discovery. The fact that Swanson builds a speculative case does not change this fact. No order directing a renewed or supplemental *Brady* disclosure will issue.

**IT IS SO ORDERED**.

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 03/12/2010

Distribution:

gerald.coraz@usdoj.gov

william_theis@fd.org