**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DAVID HEATH SWANSON, | ) | |
| | ) | |
| Movant, | ) | |
| vs. | ) | 1:08-cv-1180-SEB-DML |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

### Entry Discussing Movant's Renewed Motion for Discovery

Movant David Heath Swanson's renewed request for discovery of records created by third party participants in the Buckeye and Malta Clayton acquisitions has been considered. For the reasons explained below his request (dkt 37) is **denied.**

Pursuant to Rule 6 which accompanies 28 U.S.C. § 2255, it is within the court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. *Bracy v. Gramley,* 520 U.S. 899 (1997); *Byrd v. Collins,* 209 F.3d 486, 515-16 (6th Cir. 2000). Rule 6(a) provides that: "A party shall be entitled to invoke the processes of discovery available under the *Federal Rules of Civil Procedure* if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), 28 U.S.C. foll. § 2255. The Supreme Court has defined "good cause" in this context as specific allegations that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09, (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)) (internal quotation marks omitted). "Generalized statements about the possible existence of material do not constitute good cause." *Green v. Artuz,* 990 F.Supp. 267, 271 (S.D.N.Y. 1998).

Swanson's motion for relief pursuant to 28 U.S.C. § 2255 argues that defense counsel were ineffective in failing to present evidence that two of the alleged transactions had been evaluated by outside parties. To support this argument, Swanson requests that subpoenas be approved to require the production of documents from third party participants, as well as subpoenas to require attendance of witnesses from these entities at an evidentiary hearing. These third party participants include: Capital Resource Lenders and Society National Bank, who provided financing for the acquisition of Buckeye; CoBank, who provided financing for the acquisition of Malta Clayton; and of Growmark, who was a joint purchaser. Finally, Swanson is asking the Court to order the government to produce whatever copies of these documents it may have.

Swanson reasons that third-party investors would, according to normal practice, monitor the fees, expenses, and costs involved in a transaction because it was their money being spent. The requested discovery could confirm with "representatives of the relevant parties that it would be their normal course to monitor fees and expenses in acquisitions of this sort; that, in each instance, this monitoring took place; and that they approved the continued participation in these deals after assuring themselves that the fees and expenses were not fraudulent." Dkt 23, page 4. Swanson explains that had his prior counsel subpoenaed this information, it would have been admissible at trial to counter the government's theory that these transactions were fraudulent.

Even if the third parties produce documentation confirming that they, in their normal course of business, monitored the fees and expenses incurred in either the Buckeye or Malta Clayton acquisitions and that they assured themselves (at that time) that the fees and expenses were not fraudulent, this information would not demonstrate that Swanson is entitled to relief. The fact that Swanson's fraud was detectable only in hindsight is consistent with the jury's verdict. The government correctly argues that the "indictment alleged and the evidence at trial showed, that the fraudulent nature of the closing documents was not revealed until after the closing." Dkt. 14, p. 20-22. For example, "[m]any of the people Swanson claimed to have paid for services related to the closing testified that they had performed no work on the acquisition." *U.S. v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007). In addition, "[t]he evidence shows that [Swanson's] requested reimbursements were not for actual services related to the closing of the business transactions, but that they were false requests for work that was never performed." *Id.* at 516.

Accordingly, Swanson's renewed request for discovery (dkt 37) is **denied**.

**IT IS SO ORDERED.**

Date: 09/29/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

gerald.coraz@usdoj.gov

william_theis@fd.org