UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID HEATH SWANSON,              )<br>                                                          )<br>            Movant,                          )<br>    vs.                                              )          1:08-cv-1180-SEB-DKL<br>                                                          )<br>UNITED STATES OF AMERICA.   )<br>                                                          )<br>            Respondent.                    ) | |

### Entry Denying Motion for Release Pending Appeal

David Heath Swanson seeks release on his own recognizance pending appeal of the denial of his 28 U.S.C. § 2255 motion. The claim Swanson argues in the appeal is that he did not receive effective assistance of counsel at his original sentencing. Swanson argues that if this claim is vindicated he will be found to have already served a sentence well beyond the high end of his guidelines range and even a favorable result in the appeal will come too late. Swanson brings his request pursuant to *Federal Rule of Appellate Procedure* 23(b). The United States opposes Swanson's request, arguing that Swanson is a flight risk and that the likelihood of success on appeal is meager.

For the reasons explained below, Swanson's *Motion for Release Pending Appeal* [87] is **denied.**

### Background

In October 2002, a jury found Swanson guilty of wire fraud, money laundering, interstate transportation of converted funds, and tax evasion. Pursuant to the jury's verdict, the Court scheduled a sentencing hearing for January 24, 2003. That date arrived, but Swanson did not, having fled on the morning of his hearing. Swanson was subsequently apprehended in Seattle, Washington on February 14, 2003, and was returned to this District.

On March 20, 2003, the Court sentenced Swanson to an executed term of imprisonment of 180 months. In arriving at that sentence, the Court considered whether Swanson's sentencing guidelines range should be enhanced under USSG § 3C1.1 (obstructing or impeding the administration of justice) for his flight after conviction. The court heard testimony regarding the nature of Swanson's flight. Sent. Hrg. Tr., pp. 46-65. Testimony established that Swanson had taken a cab to Chicago, Illinois. From there, he took a train to Portland, Oregon, and then made his way to Seattle, Washington, all of course, to the surprise of his counsel and the Court. pp. 52, 55-56.

Along the way, he identified himself as "David Heath" or "Ken Heath," indicated he was from Milwaukee, and stayed in at least three different hotels. Sent. Hrg. Tr., pp. 52, 55-56. He called his sister-in-law in Minnesota who, three days after receiving Swanson's call, alerted law enforcement. Sent. Hrg. Tr., pp. 53, 57-59. Swanson's phone number was then traced to Seattle, Washington, where he was apprehended. Sent. Hrg. Tr., p. 53. When given the opportunity to explain himself, Swanson blamed his alcoholism and fear of incarceration. Sent. Hrg. Tr., p. 63. This Court believed then and believes now that Swanson had no intention of turning himself in and that without his sister-in-law's phone call to law enforcement, Swanson would have hidden out as long as possible. Sent. Hrg. Tr., p. 65.

On appeal of the 180-month sentence, the Seventh Circuit remanded the case and instructed the Court to recalculate Swanson's sentence "in light of forthcoming United States Supreme Court opinions in *Booker* and *Fanfan*." *United States v. Swanson*, 394 F.3d 520, 530 (7th Cir. 2005) ("*Swanson I*"). On remand, Swanson was resentenced on November 9, 2005, to a term of imprisonment of 151 months. *See United States v. Swanson*, 483 F.3d 509, 510 (7th Cir. 2007) ("*Swanson II*"). Swanson's 151-month sentence was affirmed on direct appeal. *Id.* at 516.

Swanson then filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). He contended, in part, that one of his trial attorneys, James H. Voyles ("Attorney Voyles"), was ineffective when he allegedly waived an objection to the application of sentencing enhancement USSG § 3B1.1(a) (aggravating role) ("§ 3B1.1(a)"), thereby preventing his appellate counsel from challenging its application in *Swanson I*. This Court denied Swanson's § 2255 motion and found that, although it arguably erred in applying the § 3B1.1(a) enhancement to the sentencing guideline calculation, Attorney Voyles did not intentionally waive or forfeit his written objection to the § 3B1.1(a) enhancement and that Attorney Voyles vigorously and extensively advanced Swanson's interests at sentencing. In addition, this Court found no prejudice from Attorney Voyles's representation because Swanson's 151-month sentence was both reasonable and independently justified. *Charles v. Thaler,* 629 F.3d 494, 499 (5th Cir. 2011)("Prejudice in the state sentencing context turns on whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been significantly less harsh.")(internal quotation marks and citations omitted). Because Swanson failed to establish constitutional ineffectiveness by his attorney at sentencing, the Court denied Swanson's § 2255 motion. Swanson has appealed yet again.

## Standard of Review

Swanson's request for release pending appeal is governed by Rule 23(b) of the *Federal Rules of Appellate Procedure* and the equitable standard enunciated in *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). Rule 23(b) provides:

> **(b) Detention or Release Pending Review of Decision Not to Release.** While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:

>  (1) detained in the custody from which release is sought;
>
>  (2) detained in other appropriate custody; or
>
>  (3) released on personal recognizance, with or without surety.

There is no dispute that under Rule 23(b) "federal district judges have inherent power to admit applicants to bail pending the decision of their cases, but [that power is] a power to be exercised very sparingly." *Cherek,* 767 F.2d at 337 (request for bail by prisoner seeking relief pursuant to 28 U.S.C. § 2255). In *Cherek*, Circuit Judge Posner explained the basis for the limited use of this power:

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal.

*Id.* Further, the statute governing bail pending direct appeal from a federal conviction, 18 U.S.C. § 3143(b), provides a more favorable standard than that to which a petitioner appealing a postconviction motion is entitled. *Id.* at 338. Thus, if a petitioner cannot bring himself within the terms of § 3143(b), he is not entitled to release pending appeal of his postconviction motion.

> Title 18, United States Code, Section 3143(b) provides (in pertinent part):
>
> [T]he judicial officer shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment . . . detained, unless the judicial officer finds –
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>>
>>> (i)   reversal,
>>> (ii)  an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In order to be allowed release on bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail]

exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J. in chambers)).

## Discussion

Swanson argues that he is entitled to relief pursuant to Rule 23(b) because his § 2255 motion raises substantial questions on appeal and there are exceptional circumstances which make his case deserving of special treatment. Swanson asserts that the Seventh Circuit's grant of a certificate of appealability indicates that he has raised a substantial question on appeal. Specifically, it is his contention that if prior counsel had rendered effective assistance, the Court would have calculated a range of 78-97 months. Swanson was taken into custody on February 14, 2003. Hence, he has been in custody for more than 97 months. When good time is factored in, he has already served beyond 97 months, making his case exceptional. The United States disagrees, arguing that Swanson is not entitled to relief both because he poses a flight risk and because his appeal is not likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served.

### A. Flight Risk

Swanson argues that if he is released pending appeal, he will reliably present himself as required by the Court. In support of this argument, he points out that he has been at a federal prison camp in Duluth, Minnesota, for more than four years and participates in work details outside the camp's fence. The fact that he has had the opportunity to escape but has not attempted to do so is, he contends, evidence that he will present himself to the Court when requested.

In response, the United States argues that prison camp life simply cannot be fairly compared to being released on bond with no conditions. Should Swanson not prevail on appeal, and the United States does not believe he will, he will face the choice of absconding or returning to prison. The government points out that when Swanson was released prior to his initial sentencing, he absconded. The United States contends that Swanson should not be given the opportunity to flee again and, further, Swanson has never truly accepted responsibility for his criminal conduct. The United States correctly points out that Swanson provides no citation to any case where a habeas petitioner previously absconded and the court still allowed release under Rule 23(b).

In reply, though Swanson acknowledges that his earlier flight was the wrong thing to do, he argues that his flight was the product of circumstances that no longer exist. Specifically, prior to his sentencing, Swanson had a serious drinking problem and his concerns about adjustment to prison life without treatment for his problem led him to flee from sentencing. These factors, he argues, no longer exist. Further, the Court can impose restrictions on Swanson's release and, given the amount of time remaining on his current sentence, it would be irrational to abscond and increase the length of his current sentence.

We view the government's position here as persuasive. The pivotal, prior fact in play previously, and which remains an option if Swanson's request for release is granted while his appeal is pending, is Swanson's own highly flawed judgment, when he chose to flee, despite his clear legal obligations after his prosecution and conviction. We simply are not convinced, given Swanson's record, if given the opportunity to flee as opposed to returning to prison, that Swanson will obey this Court's orders. Our concerns are magnified by the evidence adduced at trial which showed Swanson to be a highly intelligent, secretive, manipulative operator with an extensive and sophisticated level of knowledge of and experience in international travel. We are convinced that were he to have the chance to flee from law enforcement again, he would make his way out of the country in very short order, so as not to repeat his prior mistakes which caused him to be apprehended.

### B. Danger to the Community

Swanson argues without objection from the United States that his release will not pose a danger to the safety of any other person or the community. Swanson contends that he had no criminal history before his conviction in this case and that the nature of his crime (white-collar) and age (68 years old) make the risk of recidivism low. He argues that there is no prospect that he could again engage in the sort of conduct that has landed him in prison. He contends that because he was convicted of fraud offenses related to large-dollar corporate acquisitions when he was the CEO of a business and that as a result of his conviction, he cannot expect to assume a CEO position in the future, and certainly not during his release pending appeal.

For the purposes of this motion, this Court shall assume that Swanson does not pose a danger to the community or any other person.

### C. Likelihood of Success on Appeal

Finally, this court is not persuaded that Swanson has demonstrated that his instant appeal is "likely to result in reversal" of our recent decision denying § 2255 relief or that, if such reversal should occur, there is a likelihood that a reduced sentence to a term of imprisonment of less than the total time he has already served is likely to be imposed on remand.

Swanson argues that the Seventh Circuit's issuance of a certificate of appealability is sufficient to establish special circumstances. This Court disagrees. There is no constitutional error upon which § 2255 relief may be premised in this case. We remain convinced that despite an apparent miscommunication between Attorney Voyles and this Court during the sentencing hearing, Attorney Voyles did not intentionally waive or forfeit his written objection to the § 3B1.1(a) enhancement and that Attorney Voyles's performance at the original sentencing was in all respects effective. Further, Swanson was not prejudiced by Attorney Voyles's representation because, as we previously determined, the sentence imposed of 151-months incarceration would not have been less even if the guideline calculation had been correctly applied. Swanson's 151-month sentence is reasonable and independently justifiable as an upward departure from the guidelines range for the reasons stated. This

Court considered and applied the guidelines in their advisory role and meted out a reasonable sentence that was sufficient but not greater than what was required under the statutory factors. As of the date of this Entry, Swanson has served approximately 103 months. If the Court were to adopt Swanson's view of a reasonable sentence, it would require a reduction of approximately four years in his current sentence. In the event this case is remanded for resentencing, it is highly unlikely this judge would be moved to make such a substantial reduction based on the record before us.

## Conclusion

Swanson is not entitled to release pending appeal pursuant to Rule 23(b). His motion for release pending appeal [87] is denied.

Swanson correctly notes that the Seventh Circuit granted his motion for expedited consideration of his appeal. Oral argument is expected to occur the week of September 26, 2011. In the event the denial of his motion for relief pursuant to 28 U.S.C. § 2255 is reversed, this Court is prepared to fully comply with whatever appellate mandate is issued at that time.

**IT IS SO ORDERED.**


Date:  09/08/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

William H. Theis
FEDERAL DEFENDER PROGRAM
william_theis@fd.org